UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALMON SPAWNING AND RECOVERY ALLIANCE, et al.,<br><br>                   Plaintiffs,<br><br>v.<br><br>JASON P. AHERN,[1] in his official capacity, et al.,<br><br>                   Defendants. | No.  C05-1878Z<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment, docket no. 27, Defendants' Cross-Motion for Summary Judgment, docket no. 28, and Plaintiffs' Motion for the Court to Consider Extra Record Evidence, docket no. 30.  Having considered the papers of the parties, the governing law, and the balance of the record, the Court now enters the following Order.

**I.**     **Background**

This case was originally filed in this Court in 2005, transferred to the Court of International Trade ("CIT") in 2006, appealed to the Federal Circuit in 2007, remanded to the

---

[1] The successors to each of the public officers named in the complaint are automatically substituted as parties in this action.  Fed. R. Civ. P. 25(d).

ORDER   1–

CIT in 2008, and transferred back here in 2009.  Order, docket no. 14; Salmon Spawning & Recovery Alliance v. Basham, 477 F. Supp. 2d 1301 (Ct. Int'l Trade Mar. 6, 2007); Salmon Spawning & Recovery Alliance v. U.S. Customs and Border Prot., 550 F.3d 1121 (Fed. Cir. 2008); Salmon Spawning & Recovery Alliance v. Basham, No. 06-00191 (Ct. Int'l Trade May 13, 2009).  The only remaining claim in the case is Plaintiffs' claim under Section 7(a)(2) of the Endangered Species Act ("ESA"), in which Plaintiffs allege that the U.S. Customs and Border Protection ("Customs") and U.S. Fish and Wildlife Service ("FWS") are violating the ESA and the Administrative Procedure Act ("APA") by "continu[ing] to allow the import into the United States of ESA-listed salmon caught in Canada without having completed the consultations required by section 7 of the ESA."  Compl. ¶ 51; see also id. ¶¶ 47-50.[2]

## II.     Standard of Review

"Judicial review of administrative decisions under the ESA is governed by the APA."  Western Watersheds Project v. Matejko, 468 F.3d 1099, 1107 (9th Cir. 2006).  The administrative decision may be a failure to act.  See 5 U.S.C. § 702.  "[T]he allegation that the agency has failed to meet its duty to consult is a proper 'failure to act' claim under the APA."  Salmon Spawning, 550 F.3d at 1132 n.11.  "Under the APA, a court may set aside an agency action if the court determines that the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'"  Turtle Island Restoration Network v. Nat'l Marine Fisheries Serv., 340 F.3d 969, 973 (9th Cir. 2003) (quoting 5 U.S.C. § 706).  There is no administrative record in this case because Defendants assert that the federal agencies have not made any decision for which a record could be compiled.  CIT record,

---

[2] To the extent Plaintiffs allege a substantive "jeopardizing the species" ESA Section 7(a)(2) claim in Paragraphs 40-46 of the Complaint (which the courts have previously construed as a claim under ESA Section 9), see Salmon Spawning, 550 F.3d at 1127 n.3, the Court now dismisses that claim for the same reasons outlined in this Order as the basis for the Court's dismissal of Plaintiffs' procedural "failure to consult" ESA Section 7(a)(2) claim.

ORDER  2–

docket no. 31. In the absence of an administrative record, the Court applies a motion to dismiss standard and takes Plaintiffs' allegations as true. See Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

### III.     Plaintiffs' Motion for the Court to Consider Extra Record Evidence

The Court DENIES Plaintiffs' Motion for the Court to Consider Extra Record Evidence, docket no. 30, as moot in light of the Court's taking Plaintiffs' allegations as true in the absence of an administrative record.

### IV.     Cross-Motions for Summary Judgment

#### A.     Salmon Import Ban

The ESA prohibits the import of endangered species into the United States by any person. 16 U.S.C. § 1538(a)(1)(A). The National Marine Fisheries Service ("NMFS"), the agency with jurisdiction over ESA-listed salmon, has, by regulation, extended the ESA's import prohibition to threatened salmon. 50 C.F.R. § 402.01(b); 50 C.F.R. § 222.205(a). Customs and FWS are charged by law with enforcing the ban on the import of ESA-listed salmon. See 19 C.F.R. § 12.26(g)(1).

#### B.     Agency Action

ESA Section 7(a)(2) defines "agency action" as "any action authorized, funded, or carried out by" a federal agency. 16 U.S.C. § 1536(a)(2). Section 7 applies to "all actions in which there is discretionary Federal involvement or control." 50 C.F.R. § 402.03.

Plaintiffs' Section 7(a)(2) claim is premised on complaints about the unexercised enforcement discretion of Customs and FWS at the U.S. ports of entry where fishermen are importing ESA-listed salmon from Canada into the United States. Although courts have construed "agency action" very broadly, see Tennessee Valley Authority ("TVA") v. Hill, 437 U.S. 153, 173 (1978), there must be affirmative agency action. See California

ORDER   3–

Sportfishing Prot. Alliance v. Fed. Energy Regulatory Comm'n ("FERC"), 472 F.3d 593, 595 (9th Cir. 2006); Western Watersheds, 468 F.3d at 1108.  In most of the cases relied upon by Plaintiffs, there was no question that there was affirmative agency action.  In TVA v. Hill, for example, the agency clearly authorized, funded and carried out the construction of a dam that threatened the habitat of the endangered snail darter.  437 U.S. at 173.  In National Association of Home Builders v. Defenders of Wildlife, the Environmental Protection Agency ("EPA") transferred National Pollution Discharge Elimination System permitting authority to the State of Arizona, and the Supreme Court held that there was no duty to consult under ESA Section 7(a)(2) as a result of the non-discretionary nature of the agency action, not as a result of a lack of affirmative agency action.  551 U.S. 644, 671-73 (2007).

In three cases relied upon by Plaintiffs, the courts held that there was "ongoing agency action" sufficient to trigger the duty to consult under ESA Section 7(a)(2).  In Turtle Island Restoration Network, NMFS issued fishing permits.  340 F.3d at 974.  In Pacific Rivers Council v. Thomas, the Forest Service implemented Land and Resource Management Plans.  30 F.3d 1050, 1053 (9th Cir. 1994).  In Washington Toxics Coalition v. Environmental Protection Agency, the EPA registered pesticides.  413 F.3d 1024, 1028 (9th Cir. 2005).  These "ongoing agency action" cases are distinguishable from the present case in which there is no plan, program or activity governing Customs' or FWS's enforcement of the salmon import ban.  Plaintiffs have admitted that "none of the Defendant agencies have issued any policies, guidelines, or other directives regarding the way in which Customs and FWS personnel operating U.S. ports of entry are supposed to handle imports of salmon that may be ESA-listed Northwest salmon caught in Canadian waters."  Pls.' Mot. Extra Record Evid., docket no. 30, at 2.  And Defendants point out, correctly, that they are not granting any "licenses, contracts, leases, easements, rights-of-way, permits, or grants-in-aid" to the fishermen who import ESA-listed salmon.  See 50 C.F.R. § 402.02(b).

ORDER   4–

There are five cases discussed by the parties where the agency actions were not considered to be ongoing agency actions because the agencies lacked sufficient discretion over the completed agency actions to regulate the private action at issue. In <u>Western Watersheds</u>, the Bureau of Land Management ("BLM") retained insufficient discretion after granting rights-of-way to regulate water diversions by private landowners. 468 F.3d at 1109-11. In <u>California Sportfishing</u>, FERC retained insufficient discretion after issuing a permit for a hydroelectric dam to influence the dam operations by PG & E. 472 F.3d at 598-99. In <u>Sierra Club v. Babbitt</u>, the BLM retained insufficient discretion over a rights-of-way holder to regulate a road construction project by that private party. 65 F.3d 1502, 1509, 1511-12 (9th Cir. 1995). In <u>Environmental Protection Information Center v. Simpson Timber</u>, the FWS retained insufficient discretion over an incidental take permit granted to a timber company to require re-initiation of consultation in light of new species listings. 255 F.3d 1073, 1082-83 (9th Cir. 2001). In <u>Center for Biological Diversity v. Chertoff</u>, the Coast Guard retained insufficient discretion under a Traffic Separation Scheme. 2009 WL 839042, at *6 (N.D. Cal. Mar. 30, 2009). In the present case, there is no affirmative agency action, past or present, and thus the discretion issue is not dispositive. See <u>Ctr. for Biological Diversity v. Chertoff</u>, 2009 WL 839042, at *6 ("Discretion, without more, is insufficient to trigger the consultation requirements of § 7(a)(2)").

The alleged failure of Customs and FWS to enforce the salmon import ban does not constitute agency action within the meaning of ESA Section 7(a)(2).

### C. **NMFS Defendants**

Plaintiffs do not allege a violation of law by the following Defendants: (1) Gary Locke, sued in his official capacity as Secretary of the Department of Commerce, (2) the United States Department of Commerce, (3) Barry Thom, sued in his official capacity as Acting Northwest Regional Administrator of NMFS, and (4) NMFS (collectively the "NMFS Defendants"). See <u>Defenders of Wildlife v. Flowers</u>, 414 F.3d 1066, 1070 (9th Cir. 2005)

ORDER  5–

(NMFS "lacks the authority to require the initiation of consultation."). The Court dismisses the NMFS Defendants as a result of Plaintiffs' failure to state a claim against them. See Potter v. Clark, 497 F.2d 1206, 1208 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Plaintiffs oppose the dismissal of the NMFS Defendants because, Plaintiffs argue, "their presence in the case is needed to assure an adequate remedy is available for Customs' and FWS's violation of § 7 of the ESA." Pls.' Resp., docket no. 29, at 9. The Court rejects this argument because NMFS's administration of the ESA cannot form the basis for an injunctive relief action under the ESA's citizen suit provision, 15 U.S.C. § 1540(g)(1)(A). See Bennett v. Spear, 520 U.S. 154, 173 (1997).

**V.  Conclusion**

The Court DENIES Plaintiffs' Motion for Summary Judgment, docket no. 27, GRANTS Defendants' Cross-Motion for Summary Judgment, docket no. 28, and DENIES Plaintiffs' Motion for the Court to Consider Extra Record Evidence, docket no. 30. The Court DISMISSES Plaintiffs' Section 7(a)(2) claim with prejudice.

IT IS SO ORDERED.

DATED this 9th day of March, 2010.

Thomas S. Zilly
United States District Judge

ORDER  6–